NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

(Reexamination Nos. 95/000,066 & 95/000,069)

**C. BROWN LINGAMFELTER,**
*Appellant,*

v.

**DAVID J. KAPPOS, DIRECTOR,
UNITED STATES PATENT AND TRADEMARK
OFFICE,**
*Appellee,*

AND

**MEADWESTVACO PACKAGING SYSTEMS, LLC,**
*Appellee,*

AND

**GRAPHIC PACKAGING INTERNATIONAL, INC.,**
*Appellee.*

———————————

2011-1449

———————————

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

———————————

Decided: August 9, 2012

————————————————

DENNIS W. BRASWELL, Braswell & Associates, P.C., of Mobile, Alabama, argued for appellant. Of counsel on the brief was DANIEL D. CHAPMAN, Jackson Walker LLP, of San Antonio, Texas.

THOMAS W. KRAUSE, Associate Solicitor, United States Patent & Trademark Office, of Alexandria, Virginia, argued for appellee United States Patent & Trademark Office. With him on the brief were RAYMOND T. CHEN, Solicitor, and BENJAMIN D.M. WOOD, Associate Solicitor.

R. BRUCE BOWER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Atlanta, Georgia, argued for appellees MeadWestvaco Packaging Systems, LLC, and Graphic Packaging International, Inc. With him on the brief were ROGER D. TAYLOR and ROBERT C. STANLEY.

JAMES F. VAUGHAN, Womble Carlyle Sandridge & Rice, LLP, of Atlanta, Georgia, for appellee Graphic Packaging International, Inc. With him on the brief was IAN A. CALVERT.

————————————————

Before BRYSON, PROST, and O'MALLEY, *Circuit Judges*.

PROST, *Circuit Judge*.

C. Brown Lingamfelter appeals the decision of the Board of Patent Appeals and Interferences ("Board"), determining that claims 1-29 of the U.S. Patent No. 6,789,673 ("'673 patent") are invalid as anticipated or obvious. Because the Board did not err in its obviousness

determination, we *affirm*. We need not (and do not) reach the anticipation issue.

BACKGROUND

This appeal originates from two *inter partes* proceedings for the reexamination of the '673 patent that were subsequently consolidated, one requested by MeadWestvaco Packaging Systems, LLC, and the other by Graphic Packaging International, Inc. (collectively, "third party requesters"). The '673 patent is directed at a paper container for dispensing canned beverages and methods of dispensing the cans. The preferred embodiment of the container holds twelve cans in a 4x3 column-row arrangement, as it is depicted in Figure 1 of the '673 patent, reproduced below.



FIG. 1

The closed form of the preferred embodiment has a scored or perforated line around the front top corner, which consists of a diagonal line across the two sidewalls connected with a line across the top and front walls. By removing the top front corner along the perforated lines, one gains access to the cans. The specification teaches

that after removing the top front corner, the preferred height of the remaining front wall is between 1.5 and 1.8 times the diameter of a can. This allows easy access to cans and at the same time provides enough support to prevent them from falling out. Out of the 29 claims at issue in this appeal, claims 1, 6, 11, 15, 19, 25, and 28 are independent. The claims vary in that some recite a container, some recite methods of building a container, and some recite methods of accessing cans in a container. Moreover, some claims recite containers with the top-front corner removed; others recite a closed container. Some claims recite a top handle that is created using a cut-out on the top wall of the container. Some claims recite that the container includes twelve cans; others do not. Finally, some claims specify that cans in the container are organized in a row and column arrangement; other claims define the length of the bottom and rear walls of the container as a function of a can-diameter. For example, claim 1 recites,

> 1. A container for holding a multiplicity of cylindrical cans, each can having a can diameter and a can height, the container comprising:
>
> twelve cylindrical cans, each can comprising a can diameter and a can height, each can further comprising a longitudinal axis;
>
> a rear wall having a rear wall height of about a whole multiple of the can diameter;
>
> a front wall having a front wall height, the front wall height being less than the rear wall height by at least about 1.2 times the

can diameter, the front wall being sub-
stantially parallel to the longitudinal axes;

a bottom wall having a bottom wall length
of about a whole multiple of the can di-
ameter;

a top wall having a top wall length less
than the bottom wall length by at least
about the can diameter;

and two side walls, each of the side walls
having a front edge running from the front
wall to the top wall, wherein at least part
of each edge is oblique with respect to the
front wall and the top wall, the sidewalls
separated by about the can height.

'673 patent col.4 ll.1-22.

On reexamination, the examiner initially rejected
claims 1-18, 22, and 25-29 as anticipated or obvious over
various prior art but refused to reject remaining claims
19-21, 23, and 24. The Board affirmed the examiner's
rejections, but it reversed the examiner's refusal to reject
the remaining claims and entered new grounds of rejec-
tion under 37 C.F.R. § 41.77(b). Lingamfelter requested
that reexamination be opened as to the new grounds.
Reexamination was reopened, and this time, the examiner
maintained the rejections. The Board affirmed. Lingam-
felter appeals. We exercise jurisdiction under 28 U.S.C.
§ 1295(a)(4)(A).

STANDARD OF REVIEW

We review the Board's ultimate obviousness decision de novo but review the Board's underlying factual findings for substantial evidence. *In re Klein*, 647 F.3d 1343, 1347 (Fed. Cir. 2011). We also review the Board's findings that pertain to secondary considerations of obviousness for substantial evidence. *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1339 (Fed. Cir. 2008). Substantial evidence review is a deferential standard, *Kappos v. Hyatt*, 132 S. Ct. 1690, 1695 (2012), "requiring a court to ask whether a 'reasonable mind might accept' a particular evidentiary record as 'adequate to support a conclusion,'" *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

DISCUSSION

I

Lingamfelter first argues that the examiner and the Board erred in accepting and considering evidence submitted by third party requesters during the *inter partes* proceedings. The challenged evidence includes declarations of six employees of third party requesters and their customers, offered to counter Lingamfelter's evidence of secondary considerations of obviousness. Lingamfelter argues that accepting (and relying on) this evidence constituted an ultra vires act because 35 U.S.C. § 314, which governs the conduct of *inter partes* reexamination proceedings, only permits a third party requester to submit "written comments" to the examiner.[1] That is,

---

[1] 35 U.S.C. § 314(b)(2) provides,

Lingamfelter argues that the declarations submitted by third party requesters are not "written comments" under § 314(b)(2). Alternatively, Lingamfelter argues that by permitting third party requesters to submit this type of evidence, the *inter partes* proceedings and § 314 violate the Due Process Clause because they do not give the patentee an opportunity to conduct discovery and examine third party requesters' evidence.

We need not address the merit of Lingamfelter's arguments, however, because in our view, he has waived them. To begin with, Lingamfelter was too late in challenging the introduction of the evidence into the record. He did not object when third party requesters' evidence was submitted to the examiner at the early stages of the *inter partes* proceedings (in July 2005), or when the first appeal from the examiner's decision was presented to the Board (in December 2006). It was not until he elected to reopen the case before the examiner (in February 2010 and more than four years after the proceedings had begun) that he contended the examiner lacked authority to receive the contested evidence from third party requesters. Even at that late stage, however, Lingamfelter still did not sufficiently brief the issues that he raises in this appeal. It is true that he argued that the examiner did not have authority to accept the contested evidence.

---

> Each time that the patent owner files a response to an action on the merits from the Patent and Trademark Office, the third-party requester shall have one opportunity to file written comments addressing issues raised by the action of the Office or the patent owner's response thereto, if those written comments are received by the Office within 30 days after the date of service of the patent owner's response.

But he never cited § 314(b)(2), either to the examiner or to the Board, and thus he never put the examiner and the Board on notice that the meaning and scope of "written comments" were at issue. [2] Thus, he waived his challenge to third party requesters' evidence. [3]

## II

We next turn to Lingamfelter's challenge to the Board's claim construction. Lingamfelter first argues that the Board erred in construing "a rear wall height of about a whole multiple of the can diameter." This limitation appears in those claims that do not expressly require a row and column arrangement. Lingamfelter and the Board do not dispute that a row and column arrangement and a staggered arrangement are mutually exclusive. We accept that proposition for the purpose of this appeal. The issue is, however, whether the claims that recite the "about a whole multiple of can diameters" exclude a

---

[2]  Lingamfelter did raise a Due Process argument before the examiner but his argument was not related to the scope of "written comments" under 35 U.S.C. § 314(b)(2). We may not address the constitutionality of § 314(b)(2), however, without first deciding whether it permits third party requesters to submit evidence of the type at issue here.

[3]  The government contends that at any rate, the Board would not have had the authority to consider Lingamfelter's arguments, and that he should have rather raised them in a petition to the Director of the Patent and Trademark Office pursuant to 37 C.F.R. § 1.181. Because we hold that Lingamfelter did not sufficiently raise his arguments before the Board, we need not address the government's alternative waiver position. Even if Lingamfelter's argument could have been raised before the Board and subsequently appealed to this court, it has been waived.

staggered can arrangement. Lingamfelter argues that the "about a whole multiple" language limits the claims to a row and column arrangement because in a container with a staggered can arrangement, the height of the rear wall is not a whole multiple of can diameters. We disagree. The claims only require that the rear-wall height be "about" a whole multiple of a can diameter, not that it be exactly a whole multiple. Nor is there anything in the specification of the '673 patent that compels one to read the word "about" differently. The examiner found that the height of the rear wall in U.S. Patent No. 3,178,242 ("Ellis"), which discloses a container with a staggered can arrangement, is 1.93 multiple of can diameter. As we see it, under the broadest reasonable interpretation of the limitation at issue, a 1.93 multiple is "about a whole multiple." Our conclusion is buttressed by the fact that the claims that define the rear-wall height as a function of can diameter do not recite a row and column arrangement; whereas the rest of the claims expressly require a row and column arrangement. Construing the "about a whole multiple" as narrowly as Lingamfelter urges would impermissibly write the row and column limitation into those claims that do not require it. Thus, we hold that the Board did not err in construing "about a whole multiple."

Lingamfelter also takes issue with the Board's conclusion that those claims that recite that the container comprises twelve cans (such as claim 1, recited above) may include more than twelve cans. Again, we disagree. Because the preamble of the claims at issue uses the term comprising, one may add to the elements of the claims without exceeding their scope. Of course, the use of "comprising" is not without limitation: One may not add an element to a comprising claim if the addition wipes out an express claim limitation. But that is not a concern

here because under the broadest reasonable interpretation, the claims at issue require twelve cans, not *only* twelve cans. A container that contains thirteen cans also contains twelve cans. That is, adding the thirteenth can does not wipe out the twelve can requirement. Thus, the Board did not err in finding that the broadest reasonable construction of the twelve can limitation may read on a thirteen can container.

## III

We next address the Board's determination that claims 1-29 of the '673 patent are prima facie obvious. For the purpose of our analysis, the claims can be divided into four groups. The first group contains claims 1, 2, 4-7, 9-11, 13-16, 18, 28, and 29. These claims recite either open or closed can containers, some of which specifically recite that the container comprises twelve cans. The second group consists of claims 19, 21, and 23-24. These claims are drawn to a container with the removable portion comprising only the top and front walls (they do not recite side wall openings). Claims 25-27 are in the third group, and they recite methods of manufacturing a container by folding a paper sheet around a plurality of cans. The fourth group encompasses claims 3, 8, 12, 17, and 22. These claims depend from the claims in the other three groups and recite a limitation for a handle that is formed by a cut-out in the top-wall of the container.

Before addressing the merit of Lingamfelter's arguments, we note that the parties' dispute with respect to the prima facie case of obviousness is narrow. Apart from the claim construction arguments already addressed, there is no dispute that the claimed limitations in every group of claims already existed in the combination of prior art that the Board relied on to invalidate the claims.

Lingamfelter only challenges the Board's determination that one of ordinary skill in the art would have been motivated to combine prior art and arrive at the claimed invention. Because the prior art undisputedly includes all of the claimed limitations, we need not set out each prior art in detail. Rather, we only reference those features that are pertinent to our analysis of the motivation to combine. We address the Board's decision with respect to each group in turn below. The reference to "claims" or "claims at issue" in each subsection below is directed at the claims in the very group that is being discussed.

A

The Board determined that claims 1, 2, 4-7, 9-11, 13-16, 18, 28, and 29 are prima facie obvious over Laid Open Japanese Application No. 7-9721 ("Imazato") in view of U.S. Patent No. 3,265,283 ("Farquhar") and Ellis. It noted that Imazato discloses all of the limitations of the claims except side wall openings. It also noted that Ellis and Farquhar provide the missing link by teaching side wall openings: Ellis discloses side wall openings. Farquhar discloses oblique side wall front score lines and also teaches that removing a portion of the side walls exposes the ends of the cans and makes it easier to take them out of the container. Accordingly, the Board determined that one of ordinary skill in the art would have been able to combine the teachings of Imazato with those of Ellis and Farquhar to arrive at the invention in the claims at issue.

As noted, Lingamfelter does not dispute that Imazato, Ellis, and Farquhar contain all of the pertinent claim limitations. Rather, he argues that Imazato teaches away from having side wall openings because without complete side walls, the container would not have sufficient strength to guide cans into a vending machine. This

argument is unpersuasive. The Board found that Imazato does not state that side wall openings must be avoided to ensure that the container has sufficient stability. That determination is supported by substantial evidence. There is nothing in Imazato that expressly suggests side wall openings must be avoided. Imazato in fact teaches that oblique cut-ins on the *front* wall do *not* undermine the strength of the carton:

> [S]ince the cut off guides 35 are formed by oblique cut-ins along fold lines 26 and 29 formed in the source of the lid flaps 27 and 30, there is no loss of the strength caused by the cut off guides 35.

J.A. 183. The Board could have reasonably taken from this passage that Imazato does not teach away from side wall openings. And in any event, as the Board also noted, the use of side wall openings in Ellis and Farquhar is objective evidence that side-wall openings do not necessarily undermine the integrity of the container. Thus, the Board's determination that claims 1, 2, 4-7, 9, 10, 15, 16, 28, and 29 are prima facie obvious is not erroneous.

## B

The Board determined that claims 19, 21, and 23-24 would have been obvious over the combination of Ellis, Imazato, and either UK Application No. GB 2 186 550 A ("Wonnacott") or U.S. Patent No. 6,105,854 ("Spivey"). The claims at issue specifically recite a row and column arrangement, which according to the Board's claim construction (which Lingamfelter does not dispute) excludes a staggered can arrangement. Ellis, on the other hand, discloses a staggered can arrangement. According to Lingamfelter, the staggered can arrangement in Ellis is

specifically intended to enable dispensing cans in a prede-
termined order.  Because a row and column arrangement
would defeat that purpose, Lingamfelter argues that Ellis
teaches away from being combined with Imazato (which
teaches a row and column arrangement).

This argument is unpersuasive.  The claims at issue
do not aim to dispense cans in a predetermined order.  It
only follows that whatever Ellis does to dispense cans in a
predetermined order cannot teach away from the claims
at issue:  A traffic sign that signals the direction to Times
Square should not affect a driver who is not going to New
York.  There is ample evidence in the record suggesting
that one of ordinary skill in the art would have had rea-
son to change Ellis's staggered configuration into rows
and columns.  As the Board noted, for example, common
sense counsels that a carton that stores cans in rows and
columns requires less paperboard compared to one with a
staggered can arrangement.  And, Lingamfelter's own
expert explained that due to inefficient use of paperboard
and being vulnerable to storage stresses, a staggered
arrangement is not as commercially viable as one with
rows and columns.  Thus, substantial evidence supports
the Board's determination that one of ordinary skill in the
art, especially one who is not interested in dispensing
cans in a predetermined order, would do away with the
staggered arrangement.  In any event, as the Board
noted, a predetermined order is not the sole purpose of
Ellis's container.  Ellis also teaches that its container can
be used as a "self-dispensing" carton, placed in a refrig-
erator.  The Board's conclusion that "the suggested moti-
vation of Ellis does not render the carton of Ellis
'inoperative' for the broader purpose of containing and
dispensing cans from the carton" is therefore supported
by substantial evidence.  In sum, the Board did not err in
determining that claims 19-21, 23, and 24 are prima facie

obvious.

## C

The Board determined that claims 25-27 are prima facie obvious over Ellis in view of Wonnacott.  Lingamfelter argues that Ellis does not disclose a rear height wall of "about a whole multiple of can diameters."  This argument assumes that the Board's construction of "about" is erroneous.  As we already noted, however, the Board's claim construction was not unreasonably broad.  Thus, Lingamfelter's argument fails.  Lingamfelter also argues that it is improper to modify the staggered arrangement of Ellis into a row and column arrangement.  Again, this argument is duplicative of one we have already rejected. *See supra* Part III.B.  Therefore, the Board's determination that claims 25-27 are prima facie obvious is not erroneous.

## D

The Board also determined that dependent claims 3, 8, 12, 17, and 22 are prima facie obvious over the prior art applied to their corresponding independent claims further in view of either admitted prior art or U.S. Patent No. 2,718,301 ("Palmer").  The claims in this group recite "a handle defined at least partially by a cut-out in the tope wall."  Lingamfelter argues that it would not have been obvious to provide a cut-out handle because one would normally expect that the handle weakens the wall.  Yet, as the Board pointed out, the specification of the '673 patent itself admits that

> [t]he typical twelve pack beverage container . . . sometimes includes a handle . . . thereon, the handle typically being

> walls defining a cut out in the top wall for
> the receipt of a hand thereinto.

'673 patent col.2 l.65-col.3 l.3.  Similarly, Palmer discloses a cut-out handle in the top wall of a can-containing carton.  Lingamfelter's argument that using a top cut-out handle would not have been obvious lacks merit.

## IV

Finally, the Board determined that secondary considerations of obviousness did not rebut the prima facie case of obviousness.  Lingamfelter objects, largely relying on the economic success of Coca Cola's "Fridge Pack," which according to Lingamfelter infringes the '673 patent.[4]  He also points out that Ellis, the closest prior art to the '673 patent, is decades-old and did not achieve notable economic success.  According to Lingamfelter, the economic success of the Fridge Pack--and that it took so long for one to think of it--shows that the '673 patent claims would not have been obvious.  We disagree.  The Board determined that Lingamfelter failed to sufficiently establish a nexus between the economic success and those features of the Fridge Pack that are claimed in the '673 patent.  For example, it noted that the main success of the Fridge Pack was attributable to its slim 2x6 design, which is suitable for storing drinks in a home refrigerator.  Indeed, the Board observed that a similar 3x4 container was not quite as successful before being substituted with the Fridge Pack.  The Board also pointed to evidence showing that the success of the Fridge Pack depended in large part on large-scale advertising by Coca Cola.  Lingamfelter takes issue with the Board's analysis, but his arguments

---

[4]    For the purpose of our discussion, we assume—but do not decide—that the Fridge Pack infringes the '673 patent.

effectively invite us to re-weigh the evidence and decide the case based on our own independent view of the record. For example, he argues that the Board did not sufficiently credit Lingamfelter's expert witness, put too much emphasis on evidence that favored invalidity, and did not properly weigh the evidence. We must review the Board's decision deferentially for substantial evidence, however, and as we noted, the record contains ample evidence to support the conclusion that the Board has drawn from it.

CONCLUSION

We affirm the Board's determination that claims 1-29 of the '673 patent would have been obvious and are thus invalid.

**AFFIRMED**